UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.  1:08-cr-0153-01 (M/F) |
| | ) | |
| WILLIAM MIKAH DALE, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on December 23, 2008,  designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on December 17, 2008, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and  3583(e).

Proceedings were held on December 23, 2008 and January 9, 2009, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.  At the proceedings on December 23, 2008, Mr. Dale appeared in person and his appointed counsel, James McKinley, Office of the Indiana Federal Community Defender.  The government appeared by Michelle Jennings, Assistant  United  States Attorney.   U. S. Parole and Probation appeared by Tim Hardy,  U. S. Parole and Probation Officer, for Tasha Taylor, U. S. Parole and Probation Officer, who participated in the proceedings.

On December 23, 2008, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1.  That James McKinley, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Dale in regard to the pending Petition for Revocation of Supervised Release.

2.  A copy of the Petition for Revocation of Supervised Release was provided to Mr. Dale and his counsel who informed the Court they had read and understood the specifications of violations charged herein and waived further reading thereof.

3.  That Mr. Dale was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.  That Mr. Dale would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.  That Mr. Dale had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.  That if the preliminary hearing resulted in a finding of probable cause that Mr. Dale had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation entered on December 23, 2008.

7.  Mr. McKinley stated that William Mikah Dale was not prepared to proceed further on that date and requested a continuance of the proceedings.  Mr. Dale's request was granted and he was ordered detained pending further proceedings.

8.  The preliminary hearing and any other required proceedings were then set for January 9, 2009 at 1:30 PM before the undersigned Magistrate Judge.

On January 9, 2009,  the defendant appeared in person and with his appointed counsel, James McKinley, Office of the Indiana Federal Community Defender; the government appeared by Brant Cook, Assistant U. S. Attorney; and U. S. Parole and Probation appeared by Tasha Taylor.  The Court conducted the following proceedings, in accordance with Rule 32.1(a)(1), *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1.  Mr. Dale executed a written waiver of the preliminary examination, which was accepted by the Court.

2.  Mr. Dale, by counsel, stipulated that he committed specifications of violations set forth as to violations numbered 2 and 3, and stipulated only as to the facts in violation numbered 1 in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on December 17, 2008, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall not commit another Federal, state, or local crime."** |
| | A routine home examination was conducted at the offender's residence on November 21, 008.  During a walkthrough of the home, the probation officer noticed pornography on the offender's computer and became suspicious some of it may have been child pornography. He consented to a search of his computer, and agents from the U.S. Department of Homeland Security arrived to search the computer. Mr. Dale was interviewed by Special Agent Michael Johnson.  He told Agent Johnson he has used search terms such s "PTHC" (preteen hard core), "young," and "teen" to search for pornography. According to Agent Johnson, these are search terms commonly used by persons interested in obtaining child pornography.  Also according to Agent Johnson, Mr. Dale admitted he has downloaded child pornography and has viewed it.  During a forensic examination of the computer, law enforcement officials found evidence indicating Mr. |

Dale was in possession of child pornography.  Specifically, there appeared to be numerous video files of children under the age of 12 years old engaged in sexual acts.  The video files were located in the "Recycle Bin" folder of the offender's computer.

2      **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."**

**"The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer.  The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medication during the period of supervision."**

On August 6, September 12, October 23, and December 9, 2008, Mr. Dale submitted urine samples to the probation office which tested positive for marijuana.  Although he is prescribed Marinol (cannabinoid), on November 21, 2008, during a routine home examination, officers from the probation office saw in plain view on the offender's computer desk, a pipe containing suspected marijuana residue.  On this date, Mr. Dale was confronted by the probation officer and acknowledged the pipe and the marijuana residue.  He said "some Mexican guys," who are "in and out" of his home to work have smoked marijuana when they have been there.

On November 21, 2008, Mr. Dale consented to having his computer searched.  Photographs of him holding marijuana plants were discovered on the computer.  The presence of the offender's dog in one of the photographs indicates it was taken since Mr. Dale arrived in this district in July 2008.  Mr. Dale admitted he took photographs holding marijuana plants and said "it was a joke," stating he though it would be fun to take a picture holding marijuana.

3      **"The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer."**

Also discovered during the search of the offender's computer, agents from the U.S. Department of Homeland Security and a trooper from Indiana State Police found a chat log in which Mr. Dale had been communicating with a person known to the government to be a previously deported aggravated felon from Canada.    Mr. Dale

-4-

communicated through chat logs with this person about him (deported felon) looking for equipment to grow marijuana to purchase.  In addition, Mr. Dale sent him a photograph of a house he (offender) said he planned to use to grow marijuana.

The Court placed Mr. Dale under oath and directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above.  Mr. Dale stated that he admitted the specifications of violations numbered 2 and 3, but would stipulate only as to the facts in specification of violation numbered 1.

3.  The defendant, by counsel, and the government each presented statements regarding specifications of violation numbered 1.

The Court having heard the statements and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Dale violated all conditions of supervised released as delineated in the Petition to Revoke his supervised release.

Counsel for the parties stipulated the following:

1)  Mr. Dale has a relevant criminal history category of VI. *See,* U.S.S.G. §7B1.4(a).

2)  The most serious grade of  violation committed by Mr. Dale constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3)  Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Dale is 21 to 27 months.

4) The parties agreed on the appropriate disposition of the case as follows:

The defendant be sentenced to a period of confinement of 27 months to the custody of the Attorney General, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release.  The

– 5 –

defendant's supervised release is therefore **REVOKED** and William Mikah Dale is sentenced to the custody of the Attorney General or his designee for a period of 27 months.  After service of his sentence, the defendant shall not be subject to supervised release.  It is recommended that defendant be designated by the Bureau of Prisons to the federal correctional facility that is closest to Indianapolis, Indiana, consistent with his status. The government had no objection as to the recommendation of designation.

The Magistrate Judge requests that Tasha Taylor, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Dale stipulated in open Court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Dale entered into the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. §3561 *et seq.* And Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Dale's supervised release and the sentence imposed of imprisonment of 27 months, in the custody of the Attorney General or his designee. There shall be no term of supervised release at the conclusion of Mr. Dale's term of incarceration. It is recommended that Mr. Dale be designated by the Bureau of Prisons to a federal correctional facility that is closest to Indianapolis, Indiana, consistent with his status.

**IT IS SO RECOMMENDED** this 14th day of January, 2009.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana


Distribution:

Brant Cook,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

James McKinley,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service